IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |  |
|---|---|---|
| ALBERTA BRAY and CLIFFORD BRAY, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 05-6290-TC |
| v. | ) ) ) | ORDER |
| GULF STREAM COACH, INC. a foreign corporation; LA MESA RV CENTER, INC., a foreign corporation; and WELLS FARGO BANK, N.A., a national banking organization, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COFFIN, Magistrate Judge.

Presently before the court is defendant's motion (#10) for dismissal or transfer of venue.[1]

---

[1] Because the court resolves this motion on the issue of transfer of venue, the motion is non-dispositive and not subject to de novo review by the district court. See Shenker v. Murasky, 1996 WL 650974 (E.D.N.Y. 1996).

1 - ORDER

## BACKGROUND

In August 2004, plaintiff Clifford Bray purchased a Gulf Stream motor home from La Mesa RV, Inc., obtaining financing from Wells Fargo Bank. Gulf Stream provided Bray with various warranties as to the construction of the motor home at the time of purchase. Plaintiffs allege in their complaint that after Bray purchased the motor home, they discovered that it suffered from manufacturing and materials defects, and that even after attempts by Gulf Stream to conform the motor home to the warranties, the defects remain. Plaintiffs bring claims alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. and similar state provisions. Defendants move to dismiss the case or to transfer it to the District Court for the Northern District of Indiana based on a jurisdiction agreement the parties entered into at the time of purchase.

Although plaintiffs were represented by counsel at the time of the filing of this lawsuit, they are currently proceeding pro se. After plaintiffs failed to respond to defendant's motion, the court ordered plaintiffs to respond to the motion in writing, warning that failure to do so may result in sanctions, possibly including the granting of defendant's motion. To date, plaintiffs have still not responded to the motion before the court.

## DISCUSSION

At the time of purchase, Bray entered into a limited warranty agreement with Gulf Stream regarding the materials and workmanship in the construction of the motor home. That agreement provided, in relevant part:

> 6.  Jurisdiction and Applicable Law
>
> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts of the State of Manufacture. The laws

2 - ORDER

applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture.

Affidavit of Scott Pullin (#12), Ex. 2 at 1. Below that section, and immediately above Bray's signature, is a bold-faced statement that:

> I HEREBY ACKNOWLEDGE THAT I HAVE READ AND RECEIVED A COPY OF THE ABOVE WARRANTY FOR GULF STREAM COACH PRIOR TO ENTERING INTO MY CONTRACT TO PURCHASE MY GULF STREAM COACH RECREATIONAL VEHICLE AND AGREE TO ABIDE BY ALL OF ITS TERMS AND PROVISIONS INCLUDING, BUT NOT LIMITED TO, THE PROVISIONS HEREOF PROVIDING THAT THE EXCLUSIVE JURISDICTION FOR ANY CLAIMS WHATSOEVER SHALL BE IN THE COURTS OF THE STATE OF MANUFACTURE AND THAT THE APPLICABLE LAW SHALL BE THE LAW OF THE STATE OF MANUFACTURE.

Id. The motor home at issue in this case was manufactured by Gulf Stream in Nappanee, Indiana. Affidavit of Scott Pullin (#12) at 3.

Such forum selection clauses are presumptively valid and enforceable. Carnival Cruise Lines v. Shute, 499 U.S. 585, 596-97 (1991); The Breman v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 (9th Cir. 1988). Nothing in the record before this court suggests that the agreement was fundamentally unfair or that other factors should operate to overturn the presumption of enforceability of the clause at issue in this case. As such, this court finds the forum selection clause to be valid, and concludes that it must be enforced.

However, rather than dismiss the complaint and require plaintiffs to refile it in the appropriate venue, the court finds that the interests of justice are better served by ordering the existing complaint transferred to such venue directly. As such, pursuant to 28 U.S.C. § 1406(a), it is ordered that this case be transferred to the Northern District of Indiana, South Bend division, for adjudication.

///

3 - ORDER

## CONCLUSION

Defendant's motion (#10) for dismissal or for transfer is granted to the extent that this action is ordered transferred to the Northern District of Indiana, South Bend division, for adjudication.

DATED this 5th day of May, 2006.

Thomas M. Coffin
United States Magistrate Judge

4 - ORDER